UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ANTHONY MARTINEZ,

                 Petitioner,

                 - against -

T. GRIFFIN, as Superintendent of Green Haven Correctional Facility,

                 Respondent.
-------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19-cv-4252 (BMC)

**COGAN**, District Judge.

    Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254 from his conviction for second-degree (depraved indifference) murder (N.Y. Penal L. § 125.25(2)) and second-degree criminal weapon possession (N.Y. Penal L. § 265.03(3)). The facts can be simply summarized: petitioner fired at least 15 shots at parked and moving vehicles from the rooftop of a building, engaging in what he later described to a witness as "target practice." One shot hit a driver in a van in the head, killing him.

    Petitioner raises the following points of error in his petition, all of which allege the ineffectiveness of trial counsel for not bringing these claims to the trial court's attention (collectively, the "ineffectiveness claim"): (1) the prosecutor violated N.Y. C.P.L. § 260.30(3) by not discussing the intent element of the charges against him in her opening statement; (2) petitioner's executed waiver of his rights under People v. Antommarchi, 80 N.Y.2d 247, 590 N.Y.S.2d 33 (1992) (recognizing a defendant's right to be present at sidebar conferences during

jury selection),[1] was not knowing and voluntary because of his attorney's failure to explain his rights prior to signing the waiver; (3) during a suppression hearing, petitioner's rights under the Confrontation Clause were violated when a police officer testified to hearsay from three witnesses; and (4) petitioner's lawyer was ineffective for not introducing evidence of petitioner's intoxication and requesting an "intoxication charge." In addition, petitioner claims that the prosecutor improperly argued during closing that there was an eyewitness to the crime, Johnny Marte, when there was insufficient evidence that Marte had witnessed the crime (the "Johnny Marte claim"). His counsel objected to the prosecutor's comment, but the objection was overruled.

Petitioner raised neither the Johnny Marte claim nor the ineffectiveness claim on direct appeal. When he raised them in a collateral attack on the judgment pursuant to N.Y. C.P.L. § 440.10, the motions court rejected them as procedurally barred for that reason.

This procedural bar is fully enforceable on federal habeas corpus. A federal court should not address the merits of a petitioner's habeas claim if a state court has rejected the claim on "a state law ground that is independent of the federal question and adequate to support the judgment." Lee v. Kemna, 534 U.S. 362, 375 (2002) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). When a state court rejects a petitioner's claim because he failed to comply with a state procedural rule, the procedural bar may constitute an adequate and independent ground for the state court's decision. See, e.g., Coleman, 501 U.S. at 729-30; Murden v. Artuz, 497 F.3d 178, 191 (2d Cir. 2007). State procedural grounds are only adequate to support the judgment and foreclose federal review if they are "firmly established and regularly followed" in

---

[1] A defendant may waive the right to be present at sidebar during jury selection. See People v. Flinn, 984 N.Y.S.2d 283, 22 N.Y.3d 599 (2014).

the state. Lee, 534 U.S. at 376 (quoting James v. Kentucky, 466 U.S. 341, 348 (1984)). If a state court rejects a specific claim on an adequate and independent state law ground, then a federal court should not review the merits of the claim, even if the state court addressed the merits of the claim in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.").

Here, there can be no question that the § 440 court correctly held that petitioner's claims were procedurally barred and that this procedural bar is regularly invoked in New York criminal practice. Each part of his ineffective assistance claim and the Johnny Marte claim were apparent on the face of the trial record, and thus had to be raised on directed appeal. See C.P.L. § 440.10(2)(c).

Once it is determined that a claim is procedurally barred under state procedural rules, a federal court may still review that claim on its merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. See Coleman, 501 U.S. at 750; Harris, 489 U.S. at 262. The latter avenue, a miscarriage of justice, is demonstrated in extraordinary cases, such as where a constitutional violation results in the conviction of an individual who is actually innocent. See Murray v. Carrier, 477 U.S. 478 (1986).

The first avenue, cause for the default and prejudice therefrom, can be demonstrated with "a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that 'some interference by state officials' made compliance impracticable . . . [or that] the

3

procedural default is the result of ineffective assistance of counsel." Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994) (citing Murray, 477 U.S. at 488). However, if a petitioner relies on ineffective assistance of counsel, that claim must itself have been exhausted in the state court. See Edwards v. Carpenter, 529 U.S. 446 (2000).

Here, petitioner made no claim to the state courts that his appellate counsel on direct appeal was ineffective for failing to raise the alleged ineffectiveness of his trial counsel or the Johnny Marte claim. He therefore cannot claim that ineffective assistance of appellate counsel constitutes cause and prejudice that would excuse the procedural bar.

Petitioner's procedurally barred claims raise nothing close to a miscarriage of justice; they are all frivolous. His claim that trial counsel should have objected to testimony at the suppression hearing on hearsay and Confrontation Clause grounds fails because those bases for objection do not apply at a pretrial suppression hearing. See United States v. Shaw, No. 16-cv-642, 2017 WL 1380598, at *6-7 (S.D.N.Y. 2017); People v. Lee, February 5, 2019 169 A.D.3d 404, 93 N.Y.S.3d 292 (1st Dep't 2019); People v. Mitchell, 124 A.D.3d 912, 914, 2 N.Y.S.3d 207, 209-10 (2d Dep't 2015). His criticism of his counsel for allegedly failing to pursue an intoxication defense is flatly contradicted by the record – his counsel did indeed pursue such a defense to the maximum extent possible and, indeed, the trial court gave an intoxication defense instruction. His claim of insufficient advice before execution of his written Antommarchi waiver is also belied by the record, which shows his counsel consulted with him about the waiver and then during jury selection before objecting or exercising peremptory challenges to the venire.[2]

---

[2] Petitioner's claim that his counsel should have spent more time advising him on Antommarchi makes little sense – petitioner does not say what he would have learned if he had spent more time, and the execution of an Antommarchi waiver may be the most routine document executed in New York criminal trial practice. I do not think I have ever seen a case where a defendant declined to execute it.

4

His claim that his counsel should have objected to the prosecutor's opening for not complying with C.P.L. § 260.30(3) is similarly wrong; the statute merely requires "an opening address." The New York Court of Appeals has defined this "opening address" as a statement in which the "prosecutor generally … set[s] forth the nature of the charge against the accused and state briefly the facts he expects to prove, along with the evidence he plans to introduce in support of the same." People v. Kurtz, 51 N.Y.2d 380, 384, 434 N.Y.S.2d 200 (1980). The prosecutor's opening here adequately complied with that, especially given the simple facts of this case. And as to the Johnny Marte issue, the prosecutor had sufficient evidence from which a jury could draw the inference that Marte was with petitioner at the time of the shooting, so an objection would have been pointless.

The evidence was overwhelming that petitioner went up on the roof, shot at moving and parked cars, and killed an innocent victim. In light of this evidence, it is hard to imagine legal error that would constitute a "miscarriage of justice" for a deliberate indifference conviction arising from this murder.

Each of petitioner's claims is therefore procedurally barred. The petition is denied and the case is dismissed. The Clerk is directed to enter judgment accordingly. A certificate of appealability will not issue as the petition fails to raise any substantial issues. See 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 19l5(a)(3) that any appeal would not be

taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**SO ORDERED.**

```
                                         _____
                                                        U.S.D.J.
```

Dated: Brooklyn, New York
September 1, 2019